# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM ACKERMAN, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>        Defendants. | Court File No. 21-cv-1098 (JRT/KMM) |
| JAMES PERRY,<br><br>        Plaintiff,<br><br>vs.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>        Defendants. | Court File No. 21-cv-1101 (JRT/KMM) |
| MATTHEW KEEN,<br><br>        Plaintiff,<br><br>vs.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>        Defendants. | Court File No. 21-cv-1104 (JRT/KMM) |

**<u>PLAINTIFFS' OMNIBUS MEMORANDUM OF LAW
IN SUPPORT OF MOTIONS TO REMAND</u>**

This Court's prior rulings in materially identical cases foreclose Defendant 3M Company and Defendant Aearo Technologies, LLC's (together, "3M") claim to federal jurisdiction in the three above-captioned cases.[1]  3M asserts the same bases for jurisdiction this Court has rejected time and again: the government contractor defense, the combatant activities defense, and federal enclave jurisdiction.  3M concededly removed each case only "to preserve the jurisdictional arguments now on appeal to the Eighth Circuit." *Ackerman v. 3M Co.*, No. 21-cv-1098, Doc. 1 at 2 (D. Minn. April 28, 2021); *Perry v. 3M Co.*, No. 21-cv-1101, Doc. 1 at 3 (D. Minn. April 28, 2021); *Keen v. 3M Co.*, No. 21-cv-1104, Doc. 1 at 3 (D. Minn. April 28, 2021).

This Court is already familiar with 3M's earplugs, and Plaintiffs will not retread familiar ground.  All plaintiffs in the *Ackerman* case used the earplugs during their civilian employment.  *Ackerman*, Doc. 1-1 at 6–11.  Plaintiff James Perry is a civilian contractor who used the earplugs exclusively in Iraq.  *Perry*, Doc. 1-1 at 5–6.  And Plaintiff Matthew Keen, likewise a civilian contractor, also used the earplugs exclusively in Iraq.  *Keen*, Doc. 1-1 at 5–6.  This Court has remanded analogous cases and should do the same here.

---

[1] Plaintiffs' counsel previously reached an agreement with 3M's counsel to consolidate briefing in similar earplug cases for the convenience of the parties and the Court.

**ARGUMENT**

I. **Issue preclusion bars 3M's federal defenses.**

3M's alleged government contractor defense and combatant activities defense are both precluded by this Court's prior decisions.[2] "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). The doctrine serves several important purposes, chief among them "conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotation omitted).

> Issue preclusion has five elements:
>
> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;
>
> (2) the issue sought to be precluded must be the same issue as involved in the prior action;
>
> (3) the issue sought to be precluded must have been actually litigated in the prior action;
>
> (4) the issue sought to be precluded must have been determined by a valid and final judgment; and
>
> (5) the determination in the prior action must have been essential to the prior judgment.

*See Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102–03 (8th Cir. 2013). *Sandy Lake* held that a party can be precluded from relitigating a jurisdictional

---

[2] 3M asserts the government contractor defense in all cases and the combatant activities defense in *Perry*, Doc. 1 at 13–15, and *Keen*, Doc. 1 at 13–15.

issue where "[t]he basis for subject matter jurisdiction … is the same." *Id.* at 1103. This is so, the *Sandy Lake* court said, because a prior dismissal for lack of subject matter jurisdiction "adjudicate[d] the court's jurisdiction" and thus was binding in subsequent suits. *Id.*

The five factors are met here as to both defenses, as this Court has now held many times in numerous consolidated cases involving hundreds of plaintiffs. *See Trail v. 3M Co.*, No. 20-cv-1153, 2021 WL 4193868, at *3–4 (D. Minn. July 21, 2020) (government contractor defense); *Copeland v. 3M Co.*, No. 20-cv-1490, 2020 WL 5748114, at *2–3 (D. Minn. Sept. 25, 2020) (government contractor defense); *Sultan v. 3M Co.*, No. 20-cv-1747, 2020 WL 7055576, at *5–6 (D. Minn. Dec. 2, 2020) (government contractor and combatant activities defense); *Bischoff v. 3M Co.*, No. 20-cv-1984, 2021 WL 269076, at *3–8 (D. Minn. Jan 27, 2021) (combatant activities defense).

These cases involve the same defendants as all prior cases, 3M and Aearo Technologies. The issues with respect to the federal defenses are identical: whether this Court has subject-matter jurisdiction to adjudicate a government contractor or combatant activities defense asserted against a state-law failure-to-warn claim based on 3M's earplugs.[3] These defenses were actually litigated and rejected by this Court's valid, final judgments in *Graves* (government contractor) and *Copeland* (combatant activities). And

---

[3] 3M notes in each notice of removal that Plaintiffs do not allege whether they bought the earplugs or received them from the military. But that distinction is irrelevant after this Court's *Bischoff* decision, which established that 3M lacks a colorable government contractor defense to soldiers and civilians alike. *See Bischoff*, 2021 WL 269076, at *3–6.

4

the determination of a lack of jurisdiction in *Graves* and *Copeland* were essential to the Court's remand orders, or else those cases would be proceeding in federal court. In short, "[t]he asserted basis for subject matter jurisdiction" in these cases "is the same" as the asserted basis for subject matter jurisdiction in *Graves*, *Copeland*, and this Court's other decisions. *Sandy Lake Band*, 714 F.3d at 1103. With all five factors met, this Court should follow its prior rulings and preclude 3M from rearguing removal based on its federal defenses.

This Court has also established that there is no "reason why issue preclusion is inappropriate here." *Trail*, 2020 WL 4193868, at *4. That this Court's prior decisions involved different plaintiffs than these cases makes no difference. The Supreme Court approved the "offensive" use of issue preclusion by a plaintiff against a defendant that already lost the same issue in a different case where, as here, the defendant had a full, fair opportunity to litigate the issue and every incentive to do so. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332–33 (1979). Indeed, 3M recognized long before it filed its response to the *Graves* plaintiff's remand motion that more suits would follow in state court if it lost. See *Graves*, No. 19-cv-3094, Doc. 37 at 10 (D. Minn. Jan. 8, 2020). Knowing that as it did, and plainly hoping to avoid litigation in Minnesota state court, 3M had no incentive to hold back in Graves.

For its part, 3M offers no reason issue preclusion should not control the outcome of these cases. Instead, it concedes it removed simply to preserve its jurisdictional arguments. Therefore, consistent with past decisions, this Court should preclude 3M from claiming jurisdiction based on its alleged federal defenses.

## II. Issue preclusion also bars enclave jurisdiction.

3M claims the Court has enclave jurisdiction over the plaintiffs in the *Perry* and *Keen* cases, both of whom wore the earplugs exclusively in Iraq. *Perry*, Doc. 1-1 at 5–6; *Keen*, Doc. 1-1 at 5–6. This Court has already rejected 3M's invocation of enclave jurisdiction over Iraq and precluded it from rearguing the issue. *See Bell v. 3M Co.*, No. 21-cv-382, 2021 WL 1864034, at *2 (D. Minn. May 10, 2021); *Sultan*, 2020 WL 7055576, at *8; *Bischoff*, 2021 WL 269076, at *7. 3M offers no reason to depart from those prior rulings here. Indeed, it did not even assert enclave jurisdiction over Iraq in the most recent appeal to the Eighth Circuit. 3M need not preserve an argument it does not intend to present to the appellate court, so it is unclear why 3M asserts it here. In any event, the Court should preclude 3M from asserting enclave jurisdiction over the plaintiffs in *Perry* and *Keen*.

## CONCLUSION

For these reasons, the Court should promptly remand to Minnesota state court.

Dated: May 28, 2021

Respectfully submitted,

 *s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
Amanda M. Williams (#341691)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com

William R. Sieben (#100808)
Alicia N. Sieben (#389640)
Matthew J. Barber (#397240)
**SCHWEBEL GOETZ & SIEBEN, P.A.**
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
Tel: (612) 377-7777
bsieben@schwebel.com
asieben@schwebel.com
mbarber@schwebel.com

Richard M. Paul III
Ashlea G. Schwarz
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Tel: (816) 984-8100
Rick@PaulLLP.com
Ashlea@PaulLLP.com

*Attorneys for Plaintiffs*